ESSEX COUNTY ORPHANS COURT.

In the matter of the estate of JAMES E. HEALEY, deceased.

[Decided September 7th, 1926.]

Wills — Accounting — Ancillary Administrator — Executor Appointed Ancillary Administrator in New York—Account as Ancillary Administrator Allowed in Kings County, New York—Account Filed in New Jersey Court Contained Much of the Matter Included in the Ancillary Account, and it Appeared That the Two Accounts Were Inextricably Mingled—Primary Right of Administration in the Courts of Domicile, and Subject to Jurisdiction of the Courts of the Domicile—Administrator Must Settle His Accounts in Jurisdiction Where He Takes Possession of Assets Under Authority of Court Appointing Him—Distribution May be Made by Ancillary Administrator, or He May Remit Funds to Domiciliary Administrator for Distribution; When Made by Ancillary Administrator it is Regulated by Laws of the Domicile of Deceased—Strictly, Accountant Should Restate His New York Account and File Here a New Account, or at Least File a Supplementary New York Account; but Substantial Justice May be Had in This Case if Accountant Restated His Account Here in a Way to Avoid Duplications Either of Charge or Discharge.

On exceptions to account.

*Mr. Lionel L. Meyers,* for the accountant.

*Mr. Thomas A. Kenny,* for the exceptant.

KOCHER, ADVISORY MASTER.

James E. Healey, late of the county of Essex, died testate, of a will which was duly admitted to probate by the surrogate of the county of Essex, and letters testamentary thereon issued to Lionel L. Meyers, the executor therein named. The testator was engaged in the business of a wholesale produce merchant in the city of New York, and in order to liquidate the business, and collect other assets in the State of New York, the said Lionel L. Meyers was appointed

50

ancillary administrator by the surrogate's court of the county of Kings, of the State of New York, and he, as such ancillary administrator, duly presented his account to the surrogate of the county of Kings, which account was sworn to on June 19th, 1925, and on the 11th day of November, 1925, the surrogate's court of the said county of Kings made its decree allowing said account and awarding him $855.45 as his commissions as well as the sum of $280.44 counsel fees and expenses. The decree further fixed the balance in accountant's hands at the sum of $17,426, and directed that the sum be held by him for distribution in accordance with the terms and provisions of testator's will.

On December 18th, 1924, accountant filed his account in this court as executor, which said account includes most if not all of the items afterward appearing in the New York account. On January 22d, 1926, accountant filed an amended account in this court as executor, to which last account exceptions were filed by Margaret Healey, the residuary legatee under the said will of James E. Healey.

In all of these accounts, both that filed in New York and those filed in New Jersey, New York assets and New Jersey assets, the expenses of administration in the New York proceedings, as well as those in New Jersey, are inextricably mingled.

The primary right to administration of a decedent's estate is in the country or state of his domicile, and the distribution of the estate is regulated by the law of his domicile. *Normand* v. *Grognard, 17 N. J. Eq. 425; Griswold* v. *Kelley-Springfield Tire Co., 94 N. J. Eq. 308, 316.*

It is settled that every grant of administration is strictly confined in its authority and operation to the limits of the territory of the government which grants it, and does not, *de jure,* extend to other countries. It cannot confer, as a matter of right, any authority to assets of the deceased in any other state, and whatever operation is allowed to it beyond the original territory of the grant is a mere matter of comity. Where it becomes necessary to obtain ancillary

letters in a state other than that of the domicile for the purpose of collecting debts, the inventory of the ancillary administrator should include only the property within the jurisdiction where his letters are granted. The inventory of the executor or administrator of testator's domicile should include only property within the latter jurisdiction.

It is further well settled that an administrator must settle his accounts in the jurisdiction in which he takes possession of assets under the authority of the court appointing him, and where there is administration in different states, each portion of the assets must be administered in the state where possession thereof was taken. The fact that the same person was appointed administrator in each jurisdiction does not, of course, affect this rule. *Banta* v. *Moore, 15 N. J. Eq. 97; Normand* v. *Grognard, supra; Vaughn* v. *Northrup, 15 Pet. 1; Babbitt* v. *Fidelity Trust Co., 70 N. J. Eq. 651.*

Distribution of an estate may be made by an ancillary administrator, or the latter may transmit the balance to the domiciliary administrator for distribution. *In re Dellinger, 94 N. J. Eq. 409, 420; Normand* v. *Grognard, supra.*

If the fund is distributed by the ancillary administrator such distribution is regulated by the laws of the domicile of the testator or intestate. *Normand* v. *Grognard, supra; Griswold* v. *Kelley-Springfield Tire Co., supra.*

Thus, in the case of *Banta* v. *Moore, 15 N. J. Eq. 97,* it was held that where ancillary administration was granted in New York upon the estate of a person domiciled in New Jersey, that the ancillary administrator is not bound to account to the New Jersey administrator unless the assets in the hands of the ancillary administrator are needed for the purpose of the payment of debts in New Jersey. See, also, *Normand* v. *Grognard, supra.*

In the account in question, accountant, as ancillary administrator, has filed with the surrogate of Kings county, New York, a complete account of his administration of this estate, charging himself with not only assets collected by him in New York as ancillary administrator, but also with assets

of the estate in New Jersey. On the other hand, he has prayed allowance for not only expenses and disbursements in connection with his ancillary administration, but with items such as the physician's bill during testator's last illness, the expenses in the surrogate's court in this state for probating testator's will, as well as other items properly payable by him as executor by virtue of the letters testamentary issued to him by the surrogate of the county of Essex of this state.

Accountant's account as ancillary administrator has, as has been seen, been duly allowed by the surrogate of Kings county, New York. The account filed in this court is in great part a copy of that filed in New York, with some small additional charges and a few items of discharge, among which are items of attorneys' fees paid to New York attorneys and fees paid to a public accountant for services in connection with the estate, to which last two items exceptions have been filed.

Inasmuch as it is apparent that the services included in these charges were rendered in connection with the New York accounting, which was duly allowed by the surrogate of Kings county, New York, they must be disallowed by this court even though they may not have been presented to the surrogate of Kings county at the time of the allowance of the account by him. Accountant finds himself in this predicament; he has, as ancillary administrator, included in his New York account items in connection with the administration of the estate both in the nature of charges and discharges which he could only properly receive or pay under the authority of the letters testamentary granted him in this state, and has had the account thus made up allowed by the court of New York, and now presents to this court an account made up of items both as to charge and discharge in connection with the administration of the estate by him as executor in New Jersey and as ancillary administrator in New York.

Strictly speaking, accountant should restate his New York account, charging himself with only such assets as were collected by him in that state and praying allowance for items

of disbursement in connection with his ancillary administration and take a decree in the New York surrogate's court fixing the balance in his hands as an ancillary administrator, to be administered by him as executor in New Jersey, and should then file in this court a new account charging himself with the balance in his hands as ancillary administrator as fixed by the New York account, and proceeding to further charge himself with New Jersey assets and praying allowance for claims paid to New Jersey creditors, or it would seem that accountant might file a supplementary account as ancillary administrator in the New York court, which has already accepted jurisdiction in the allowance of the claims of New Jersey creditors, and proceed to distribute the balance in his hands pursuant to the order of that court, which has already been seen is within its jurisdiction.

It would appear that substantial justice will be accomplished if accountant be required to restate his account filed in this court as executor, charging himself in the first instance with the balance shown in the New York decree, adding thereto such New Jersey assets as may have come to his hands not set up in the New York account, and praying allowance for all disbursements made by him in connection with the administration of the New Jersey estate, not prayed allowance thereon.

This court will certainly decline to consider expenditures for counsel fees and to expert accounts rendered in connection with the preparation of the New York account which has already been allowed by the courts of that state. That such services were rendered in connection with the New York account is apparent from the fact that the New Jersey account is a mere copy of the former.

If accountant has perchance incurred expenses in connection with the New York accounting which he has not included in that account, it is clear that his only remedy is by application to the court having jurisdiction over that account, as this court can only consider such facts as pertain to the administration of the estate in this state.

A decree will be advised in accordance with the foregoing.